UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN WALTERS,

    Plaintiff,

vs.                                              Case No. 3:25-cv-395-MMH-SJH

STATE OF ARIZONA,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsideration (Dkt. No. 22; Motion) filed on June 23, 2025. In the Motion, Plaintiff seeks reconsideration of the Court's Order (Dkt. No. 17; Dismissal Order) dismissing this case without prejudice. See Motion at 1.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[1] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). However, although Santiago moves for reconsideration under Rule 54(b), it is widely recognized that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)). Thus, the Court will analyze the Motion under Rule 59(e).

v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047. Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237,

1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted). Upon review of the Motion, the Court concludes that Plaintiff has failed to identify any grounds warranting reconsideration of the Dismissal Order. As such, it is **ORDERED:**

Plaintiff's Motion for Reconsideration (Dkt. No. 22) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of July, 2025.

*Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

- 4 -

ja
Copies to:
Counsel of Record
Pro Se Parties